IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| MARCUS LEE HALL | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 10-CR-0214-JB |
| VS. | ) | |
| | ) | CIVIL NO. 19-CV-000019-JB |
| UNITED STATES OF AMERICA | ) | |

## ORDER

Pending before the Court is Petitioner Marcus Lee Hall's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (and his related filings) (docs. 74, 75, 78, 79), and the Government's Response in Opposition. (doc. 80). Hall's petition was initially referred to Magistrate Judge Bivins for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases. Hall appeals Judge Bivins' initial ruling that Hall's petition did not comply with local rules.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2]

Upon consideration, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

## BACKGROUND

On September 30, 2010, Petitioner Marcus Lee Hall was charged in a single-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (doc.

---

[1] Also pending before the Court is Petitioner's appeal from the Magistrate Judge's Order striking his initial filing for failure to follow the local rules for filing such actions. As Petitioner amended his Petition to comport with the rules as part of his appeal, the same is denied as moot.
[2] A district court is not required to hold an evidentiary hearing every time a § 2255 petitioner simply asserts a claim of ineffective assistance of counsel. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required when the petitioner's allegations are affirmatively contradicted by the record.") (citation omitted).

1).  Hall pleaded guilty on December 15, 2010.  (docs. 18 and 20).  Hall was sentenced to 46 months in prison followed by three years of supervised release.  (doc. 30).

Hall's initial term of supervised release began on March 4, 2014 and would have concluded on March 3, 2017.  (doc. 34).  However, on October 23, 2014, Petitioner's supervised release was revoked due to an arrest for possession of methamphetamine.  (*Id.*).  Hall was sentenced to eight months in prison to be followed with twenty-eight months of supervised release.  (doc. 46).

Hall's second term of supervised release began on June 10, 2015, and would have expired on October 9, 2017.  (doc. 48).  This second period of supervised release was revoked following a drug arrest.  (*Id.*)  On this occasion, Petitioner was sentenced to eighteen months in prison to be followed by ten months of supervised release.  (doc. 58).

Petitioner's third term of supervised release started on December 6, 2017 and would have ended on October 5, 2018.  (doc. 60).  However, Hall's supervised release was revoked for a third time related to his drug use.  (*Id.*).  On October 29, 2018, this Court sentenced Hall to five months in prison with no supervised release to follow.  (doc. 71).

On January 30, 2019, Petitioner filed a pro se Motion to Vacate his third revocation and five month sentence, under 18 U.S.C. § 2255.  (doc. 74).  Hall notes that his original offense was a Class C Felony, and argues that he cannot serve more than a combined two years in prison based on violations of his supervised release.  (*Id.*, p. 5).  Since Hall served over two years due to his first two revocations, he claims this revocation was unlawful.  (*Id.*).

**ANALYSIS**

Petitioner was originally convicted as a felon in possession of a firearm. Violation of 18 U.S.C. § 922(g)(1) is a Class C felony. *See* 18 U.S.C. § 924(a)(2) (the penalty for an offense under Section 922(g) is "not more than 10 years") and 18 U.S.C. § 3581(b)(3) (an offense for which the statutory maximum sentence is between six and twelve years is a "Class C felony"). The term of supervised release to follow imprisonment for a Class C felony is "not more than three years." 18 U.S.C. § 3583(b)(2). This Court sentenced Hall to the maximum amount of supervised release allowable for his offense of conviction. (doc. No. 30).

Petitioner contends that "the maximum AGGREGATE term of confinement on revocation of supervised release [is] two years" because his underlying conviction is a Class C felony. (doc. 74, p. 4). Hall directs this Court's attention to 18 U.S.C. § 3583(e), which states:

> **(e) Modification of Conditions or Revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> . . .
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or . . ..

18 U.S.C. § 3583(e)(3). Since he served a combined twenty-six months following his first two revocations, Petitioner argues that his period of supervised release has elapsed. He contends this Court lacked jurisdiction to revoke his supervision and give him a third custodial sentence.

This aggregation argument is not supported by the law.

In 2015, the Eleventh Circuit rejected this aggregation argument, and explicitly joined the Third, Fifth, Tenth, and D.C. Circuits in holding "that upon each revocation of supervised release, a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release." *United States v. Cunningham*, 800 F.3d 1290, 1293 (11th Cir. 2015) (emphasis added) (citing *United States v. Spencer*, 720 F.3d 363 (D.C. Cir. 2013); *United States v. Williams*, 675 F.3d 275 (3d Cir. 2012); *United States v. Hunt*, 673 F.3d 1289 (10th Cir. 2012); *United States v. Hampton*, 633 F.3d 344 (5th Cir. 2011)); *accord United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017); *United States v. Epstein*, 620 F.3d 76, 80 (2d Cir. 2010); *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009); *United States v. Lewis*, 519 F.3d 822, 824–25 (8th Cir. 2008); *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004). Under these holdings, when the original offense of conviction is a Class C felony, any subsequent individual revocation prison sentence may not exceed two years.

Petitioner's terms of imprisonment following his three revocations have been for eight months, eighteen months, and five months respectively. Each sentence is permissible under the Eleventh Circuit's interpretation of 18 U.S.C. § 3583(e)(3).

DONE and ORDERED this 10th day of April, 2019.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE